# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:13-cr-00041-GMN-GWF-1 |
| vs. ) | |
| ) | **ORDER** |
| DAMON COREY LONG, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is the Petition for Writ of Habeas Corpus ad Prosequendum, (ECF No. 46), filed by Defendant Damon Corey Long ("Defendant"). The Government did not respond.

Also pending before the Court is the Motion to Transfer, (ECF No. 47), filed by Defendant. The Government filed a Response, (ECF No. 48), but Defendant did not reply.

For the reasons discussed below, Defendant's Petition for Writ of Habeas Corpus ad Prosequendum and Motion to Transfer are **DENIED**.

## I. BACKGROUND

On May 13, 2013, Petitioner pled guilty to one count of felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Mins. Proceedings, ECF No. 17); (J., ECF No. 23). The Court accordingly sentenced Petitioner to a term of ninety-two (92) months' imprisonment and three years of supervised release. (*See* J.). Defendant later filed two Motions to Vacate under 28 U.S.C. § 2255, which the Court dismissed without prejudice. (*See generally* Order, ECF No. 41). On January 26, 2022, while Defendant was on supervision, the State of Nevada charged him with "attempted murder, conspiracy to commit murder, battery with use of a deadly weapon resulting in bodily harm, and burglary in possession of a deadly weapon." (*See* Gov.'s Opp'n Def.'s Mot. Transfer 1:19–22, ECF No. 48). After agreeing to a plea deal,

Defendant "pled guilty to battery with use of a deadly weapon resulting in bodily harm . . . ." (*See id.* 1:22–24). The State court subsequently sentenced Defendant to five-and-a-half to twelve years in prison. (*Id.* 1:24–2:1).

The instant Petition for Writ of Habeas Corpus ad Prosequendum, (ECF No. 46), and Motion to Transfer, (ECF No. 47), followed. The Government filed a Response to the Motion to Transfer, (ECF No. 48). The Court reviews Defendant's Petition and Motion in the discussion below.

## II. LEGAL STANDARD

A defendant has a due process right to a reasonably prompt revocation of supervised release hearing. *United States v. Gavilanes-Ocaranza*, 772 F.3d 624, 628 (9th Cir. 2014). However, that right triggers only after the Government takes the defendant into custody pursuant to a violation warrant. *Tripp v. Lombardo*, No. 2:17-cv-02385-JCM-GWF, 2018 WL 3078749, at *2 (D. Nev. June 21, 2018). The right does not trigger if a warrant has not been executed. *Id.* Thus, a defendant does not have a right to compel her extradition from state to federal custody to face a revocation proceeding. *Id.*

In addition, deciding whether a state or federal government has priority of custody over the other is a task courts generally do not take. Determining "priority of custody and service of sentence between state and federal sovereigns is a matter of comity to be resolved by the executive branches of the two sovereigns. Normally, the sovereign which first arrests an individual acquires priority of jurisdiction for purposes of trial, sentencing, and incarceration." *United States v. Warren*, 610 F.2d 680, 684–85 (9th Cir. 1980). As a result, a court cannot order the transfer of a defendant from state to federal custody until after the State relinquishes its custody. *United States v. Fisher*, No. 2:08-CR-00085-RLH, 2011 WL 2682762, at *2 (D. Nev. July 11, 2011), *aff'd*, 518 F. App'x 588 (9th Cir. 2013) (citing *Warren*, 610 F.2d at 684).

## III. DISCUSSION

Defendant seeks to be transferred to federal custody so that any sentence pursuant to any violation of his supervised release may run concurrent with his state sentence. (*See* Mot. Transfer at 2, ECF No. 47). The Government opposes his transfer to federal custody at this time because "the interests of justice are best served here by consideration of the revocation issues raised by the defendant's conduct at a later date." (Gov.'s Opp'n Def.'s Mot. Transfer 2:20–22). The Government also argues that denying Defendant's requested relief would not prejudice Defendant because he has not been taken into federal custody. (*See id.* 3:18–4:1).

Here, Defendant does not have a right to compel his extradition from state to federal custody. As a preliminary matter, Defendant's due process right to a reasonably prompt revocation of supervised release hearing does not exist because he does not have a revocation of supervised release hearing. Even if he did, Defendant has not been taken into federal custody pursuant to an executed violation of supervised release arrest warrant. Second, the State of Nevada has not relinquished custody of Defendant; thus, the Court cannot order his transfer to federal custody. Accordingly, there is no basis upon which to grant Defendant's Petition or Motion.

## V. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Petition for Writ of Habeas Corpus ad Prosequendum, (ECF No. 46), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Transfer, (ECF No. 47), is **DENIED**.

**DATED** this __21__ day of June, 2022.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT